DEMETRIO LATONI ET AL., Petitioners, *v.* COURT OF EMINENT DOMAIN OF PUERTO RICO, HON. FEDERICO TILÉN, JUDGE, Respondent; PEOPLE OF PUERTO RICO, Intervener.

No. 1817.   Argued May 9, 1950.—Decided May 18, 1950.

*Félix Ochoteco, Jr.,* for petitioner.   *Vicente Géigel Polanco, Attorney General, Carlos J. Faure,* and *José Antonio Luiña,* the latter, *Assistant Attorney General,* for intervener.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

The only question for decision in this appeal is whether the Court of Eminent Domain of Puerto Rico, through its Judge Federico Tilén abused its discretion when it refused to set aside the defendants' default entered by the plaintiff and to admit the answer filed by the defendants in *The People of Puerto Rico* v. *1,207.679 cuerdas of land,* among which is lot 5 belonging to Demetrio Latoni and his wife Gregoria Rivera Olán, who are the defendants affected by said decision.

The amended complaint in said case was filed on March 3, 1949.   The defendants failed to answer and on June 22, 1949 the plaintiff requested that their default be entered which was done by the clerk of the court on June 23, 1949. Notwithstanding this, on September 12, 1949 the lower court set September 28 for a preliminary hearing and October 28 for the trial on the merits of the case.   However, on the following day, September 13, 1949, the court ruled:

"On June 23, 1949 default was entered against Demetrio Latoni Laparza and his wife Gregoria Rivera Olán. That same day the plaintiff requested the setting of trial in this case.

"Yesterday morning we called Attorney Félix Ochoteco over the telephone informing him about the situation as it seemed peculiar to set a day for a trial which involved a large amount of money without being certain whether the defendants were going to contest it. *Said attorney promised to send us immediately an answer to the complaint on behalf of said defendants. In view of this promise yesterday we set a day for a preliminary hearing and also another day for the trial.*

"The said defendants have not filed their answer and the plaintiff insists on the setting of a date for the trial of said defendants who are in default. For this reason we set aside our order of yesterday fixing a date for the preliminary hearing and instead we hereby set this case to be heard on September 22 at nine o'clock in the morning." (Italics ours.)

On September 14, the defendants filed a motion praying the court (1) to set aside the default entered, and (2) that the filing of the answer attached be allowed. The plaintiff filed a motion on September 16, opposing the opening of the default and after a hearing on these motions on September 19, the lower court issued an order on September 28 overruling defendants' motion. A reconsideration was sought which was denied on October 3, 1949. In order to review the decision of the lower court we issued the writ of certiorari in the present case.

■■ The defendants' motion to set aside the default was based on "the attorney's mistaken belief, but in good faith, that his partner, Luis E. Dubón, with whom he had established a professional partnership under the name of 'Dubón & Ochoteco' had filed defendants' answer to the amended complaint and after the partnership had been dissolved."

The decision of the lower court denying this motion was based mainly (1) on the fact that in the course of the telephone conversation between Judge Tilén and Attorney Ochoteco, counsel for the defendants, the latter rather mentioned

that before filing the answer, he was waiting for the outcome of a possible settlement between the plaintiff and Heirs of Borda, codefendant in the action, with regard to the value of the condemned land, and (2) on the fact that even though Attorney Ochoteco had promised the judge in said telephone conversation to send the answer "immediately" he did not do it until two days later.

The oral evidence introduced in the lower court for deciding the motion, consisted in the testimony of Attorney Carlos J. Faure, plaintiff's counsel, and the testimony of Attorney Félix Ochoteco for the defendants. We have carefully considered this evidence and it gives rise to an incontrovertible fact, that is, an absolute discrepancy as to what was actually said in the telephone conversation between Judge Tilén and Attorney Ochoteco on September 12, 1949, to such a degree, that when the court refused to admit Attorney Faure's testimony regarding what Judge Tilén had informed him about said telephone conversation, said attorney requested that ". . . now the Honorable Judge may state for the record the conversation he had with Attorney Ochoteco . . . ." to which the latter objected. The plaintiff insisted and said that he had no other choice "but to use the judge as a witness because it is a relevant issue."

The court made no decision for then Attorney Ochoteco testified, explaining why he trusted that his ex partner, Attorney Dubón, had prepared and filed the answer, as he had to prepare and did file a similar answer in the same expropriation case, but in connection with lands owned by Manuel González, codefendant. He also explained the scope of the telephone conversation with Judge Tilén and how he interpreted it in the sense that he ought to prepare the answer immediately but not in the sense that he had to send it that same day, explaining further why he could not file it until September 14, that is, two days later. Notwithstanding having been cross-examined by Attorney Faure, Judge Ti-

lén also cross-examined Attorney Ochoteco extensively and at the end stated the following:

*"The truth is that, after this opportunity of filing the answer after my call, two days elapsed; and that is what has strengthened the case on this point."* (Italics ours.)

We believe that this statement of the court indicates that if the answer had been filed on the very 12th of September, the decision of the court would have been different independently of the reason that Attorney Ochoteco might have given for the delay. The words of the court which we have just quoted confirm those which it used in its order of September 13, *supra*, to the effect that "said attorney promised to send us immediately defendants' answer to the complaint. Trusting this promise we set a hearing yesterday in order to hold a conference before the trial and also another date for holding the trial."

The fact that Attorney Ochoteco delayed forty-eight hours before filing an answer was explained satisfactorily by him and this delay does not justify the court in refusing to set aside the default entered.

In addition we consider that the evidence proved that Attorney Dubón actually filed the answer in the case of co-defendant Manuel González, which was also handled by the firm Dubón & Ochoteco, and that although he did not intervene in the present case after the month of February 1949, Attorney Ochoteco was justified in believing that he had filed the answer of the defendants herein, since after defendants' default was entered on June 23, 1949, Attorney Ochoteco intervened in another incident in the present case in connection with an excess of area in the condemned property belonging to Heirs of Borda. We are also convinced that the opening of the default in this case would not cause any prejudice to the plaintiff because at the time the order appealed form was rendered, no trial had yet been held as to any of the parcels of land object of the expropriation. On the con-

trary, to hold the trial in the present case in default of the defendants could prejudice them for since it deals with land appraised by the plaintiff at more than $103,000, the defendants could not bring any evidence to show its just value, a matter which they raised from the beginning of the suit in their motion withdrawing the sum deposited by the plaintiff in the lower court.

We are of the opinion that Rule 55 (c) as well as Rule 60 (b) of Civil Procedure should be interpreted liberally, so that the cases may be decided on their merits and not by default. In that sense we have interpreted § 140 of the Code of Civil Procedure [1] taken from § 473 of California and from which Rule 60 (b) was in turn taken. 3 Moore's Federal Practice 3270 *et seq.; Great Am. Ins. Co.* v. *District Court,* 67 P.R.R. 529, 532. Even though appellate courts as a rule do not interfere with the exercise of judicial discretion in vacating a judgment by default, they are more inclined to do it when it has not been set aside. *Parks* v. *Coyne,* 137 S.W. 335 (Mo., 1911) ; and see annotation in 126 A.L.R. 369. With better reason we are justified in interfering when it is only, as in the present case, a notice and not a judgment by default, and the concurring circumstances show that the defendants alone will be prejudiced if not allowed to file their answer, since at the trial by default they could not bring evidence regarding the value of the condemned property. *Rivera* v. *Goytía,* 70 P.R.R. 29, 31, 32. It should be borne in mind also that in these expropriation cases, when the only question in controversy is the amount of the compensation to be paid to the owner, we have decided that even though the latter appears as defendant, ". . . he really holds the position of plaintiff and as such should prove his right to a larger compensation than that assigned by the petitioner as a value of the property and of the damages, if there were any. Consequently, it is the

---

[1] *Varcárcel* v. *Monge,* 31 P.R.R. 377; *Garriga* v. *Medina,* 42 P.R.R. 746; *Greer* v. *Pérez,* 59 P.R.R. 573.

owner who ought to bring his evidence first. The reason for the rule is that regarding the compensation the petitioner has assigned as a reasonable value of the property, there is no debate and the only question to be decided is if the compensation should be larger than the one assigned." *People v. García*, 66 P.R.R. 478, 487, and cases cited therein.

In our opinion the lower court erred when it refused to set aside the default entered in this case and in not admitting the defendants' answer and, consequently, the order of September 28, 1949 will be reversed and the case remanded for further proceedings.

Mr. Justice Snyder did not participate herein.